## Commonwealth ex rel. Mattocks v. Keenan

*Lloy R. Mattocks*, propria persona.

*Frank P. Lawley, Jr.*, Deputy Attorney General, and *Frank F. Truscott*, Attorney General, for Commonwealth.

SMITH, P. J., January 5, 1954.—This is a petition for a writ of mandamus (hereinafter called "complaint") filed in forma pauperis on December 9, 1953, in this court by plaintiff, Lloy Raymond Mattocks.

Although Lawrence P. Keenan, Superintendent, Allegheny County Workhouse, is named in the complaint as defendant, the writ therein sought is not against the superintendent but against the president judge of the Court of Common Pleas of Crawford County.

Plaintiff in his complaint avers that on May 15, 1953, he filed a petition for a writ of habeas corpus in the Common Pleas Court of Crawford County "the court of original jurisdiction"; that he received a copy of the order of court served upon the superintendent of the Allegheny County Workhouse "to show cause why the Writ should not be issued as prayed for. Returnable in twenty (20) days from May 15, 1953. Hearing set for No. 10 September Term, 1953"; that on June 14, 1953, he "received a copy of the district attorney's answer to the said petition, requesting the . . . president judge of Common Pleas Court of Crawford County to 'dismiss' the said petition"; and that there-

after, although he wrote twice to the Crawford County court he has not received "any formal notice, opinion or decree as to the disposition of the said petition".

Finally, plaintiff in his complaint "contends that it is illegal for the Court of Crawford County, Penna., to take such unreasonable amount of time to act on said petition". Wherefore, plaintiff prays that this court "issue a writ of mandamus and compel the said court to make some formal disposition of his petition for a writ of habeas corpus".

To the complaint the Attorney General of the Commonwealth, on December 21, 1953, filed preliminary objections in the nature of a demurrer. Therein it is averred (1) that plaintiff's complaint does not state a valid cause of action, and (2) that this court does not have jurisdiction.

Thereafter, on December 30, 1953, plaintiff filed an answer to the preliminary objections wherein he averred that "in his petition for a writ of habeas corpus, in Crawford County, . . . 'he was illegally charged with the crime of burglary,' inasmuch, as there was no building entered, feloniously or otherwise. The indictment at no. 38, May sessions, 1951, vaguely refers to, 'out-buildings of the Cribbs Methodist Home', plaintiff, (relator) prayed, that he be taken into the jurisdiction of the Crawford County Court, so that, he could plead and prove to the Court that there was not any burglary committed, to which he is now incarcerated, without due-cause".

This was followed by a letter dated December 31, 1953, addressed to the court and received and filed of record January 2, 1954. Therein plaintiff advised us that he had "been put on parole as of Dec. 30, 1953", but that nevertheless he wished to continue his action "for a writ of mandamus filed . . . , against Common Pleas Court of Crawford Co." Further, therein, plain-

tiff stated that he has "two years & three months left", apparently referred to the unexpired portion of his sentence.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is clear legal right in plaintiff, a corresponding duty in defendant, and a want of any other appropriate and adequate remedy: Travis v. Teter, 370 Pa. 326 (1952).

Under the record before us, manifestly plaintiff has stated no valid cause of action either against the Superintendent of the Allegheny County Workhouse, defendant named in his complaint, or against the president judge of the Court of Common Pleas of Crawford County.

Again, the jurisdiction of this court to issue a writ of mandamus is conferred by section 1 of the Act of June 8, 1893, P. L. 345, as last amended by the Act of May 13, 1925, P. L. 664, 12 PS §1911.* Thereunder, insofar as here material, it is provided that the Court of Common Pleas of Dauphin County "shall have the power, and it shall be required, to issue the writ of mandamus to all officers of the executive department of the Commonwealth as defined in Article IV, section one, of the Constitution, except the Governor; all other heads of administrative departments of the State government, except the Secretary of Banking; all independent administrative boards or commissions of the State government and all departmental administrative boards or commissions of the State government."

Therefore, in our opinion, this court has no jurisdiction to issue a writ of mandamus to a judge of another court of common pleas as plaintiff in the instant proceeding is here asking of us. The relief prayed for by

---

* The provisions of this section, as they apply to practice and procedure in actions of mandamus, have been suspended by Pa. R. C. P. 1457. Otherwise, they are in full force and effect.

plaintiff, if he is entitled to any—which we seriously doubt—must be sought elsewhere and not in this court.

### *Order*

And now, January 5, 1954, the preliminary objections in the nature of a demurrer filed to plaintiff's complaint are sustained; the petition of plaintiff, Lloy Raymond Mattocks, for a writ of mandamus is dismissed and the writ refused.